### May Wilson v. The State.

No. 4539. Decided January 20, 1909.

**Disorderly House—Constitutional Law—Statutes Construed.**

In a prosecution under the Act of the Thirtieth Legislature, p. 246, charging defendant with keeping a disorderly house for prostitutes, etc., where the defendant attacked the law on the ground that the punishment fixed in article 359a and article 361 is too vague, indefinite and uncertain. Held that the punishment assessed in said articles refers to different and distinct, though somewhat allied offenses, and there is no such conflict in the punishment prescribed in said articles as would avoid the act.

Appeal from the County Court of Tarrant. Tried below before the Hon. John L. Terrell.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200, and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was charged in the County Court of Tarrant County with keeping a disorderly house; that is, a house kept for prostitutes and where prostitutes resorted and resided for the purpose of plying their vocation. On the trial she was convicted and her punishment assessed at a fine of $200 and twenty days imprisonment in the county jail.

There is no statement of facts in the record, nor bills of exceptions. Reversal is sought mainly on the ground that the act of the Thirtieth Legislature, p. 246, is void and unconstitutional, in that article 359a fixes the punishment for any violation of any of the provisions of that section, at a fine of not less than fifty nor more than two hundred dollars; and in addition thereto by confinement in the county jail for not less than one nor more than six months. While article 361 of said act, prescribes another and distinct punishment for the same act, and that therefore the act is unconstitutional, in that in the light of the entire law the punishment is too vague, indefinite and uncertain. An inspection of the act in question will demonstrate, we think, that there is no such conflict in the punishment prescribed as should avoid the act. While a different punishment is provided in the two articles, the offense named in each are different. Article 359 defines what is a bawdy house, and also what is a disorderly house. Article 359a makes it an offense to invite, solicit, procure, allure or use any means for the purpose of alluring or procuring any female to visit and be at any particular house, room or place for the purpose of meeting and having unlawful sexual intercourse with any male person, and other provisions of a similar

character, and fixes the punishment therefor at a fine of not less than fifty nor more than two hundred dollars, together with a jail penalty. Article 361 provides that any person who shall directly or as agent for another, or through any agent, keep or be concerned in keeping, or aid or assist or abet in keeping a bawdy house, or a disorderly house, in any house, building, edifice or tenement, etc., shall be guilty of keeping or being concerned in keeping, or knowingly permitting to be kept, as the case may be, a bawdy house, or disorderly house, and shall be punished by a fine of two hundred dollars and be confined in the county jail for twenty days for each day he shall keep, etc., such bawdy or disorderly house. It is, we think, therefore evident that the punishment assessed in articles 359a and 361, refer to different and distinct, though somewhat allied offenses.

The other matters relate to objections made to the admission of the testimony and the ground alleging that the verdict is contrary to the evidence, etc., and matters of that sort which can not be revised, in the absence of a statement of the facts.

Finding no error in the proceedings of the court below, the judgment is affirmed.

*Affirmed.*